STATE *vs.* DAVID BUTLER, and others.

Kennebec.    Opinion December 28, 1892.

*Indictment.    Trial.    Statements of Counsel.    Practice.*

Three persons were indicted jointly for an assault upon a fourth who was also indicted for a contemporaneous assault upon them, the alleged assaults being but one occurrence. On the trial of the three co-respondents the prosecuting officer persisted in saying to the jury, against the objection of the respondents and without remonstrance from the court, that if these respondents should be convicted he would discontinue the other indictment:

*Held*, that the introduction of such extraneous issue would have been cause for a new trial had not the judge in his charge so explained the matter to the jury as to remove all prejudice probably occasioned thereby.

ON EXCEPTIONS.

The case appears in the opinion.

*C. E. Littlefield*, Attorney General, and *L. T. Carleton*, County Attorney, for the State.

*S. S. Brown*, for defendants.

PETERS, C. J.   The four respondents, together with another person who was not arrested, were indicted for an assault and battery upon John R. Pollard, and Pollard was at the same time indicted for a felonious assault upon one of them. A motion for separate trials of the respondents, made by them, was denied. All the parties, respondents and complainant, testified as witnesses at the trial. The report of the case describes the following episode as taking place during the trial: "In his argument

to the jury in this trial, the county attorney proceeded to say that in his judgment these defendants were all guilty of the offense charged against them in the indictment; and that if the jury so found by their verdict, he should not put Pollard on trial on the indictment against him because he should regard a conviction of these defendants as equivalent to an acquittal of Pollard on the indictment against him, while he should regard an acquittal of these defendants as equivalent to a conviction of Pollard on the indictment against him. When the county attorney was making this statement the counsel for the defendants broke in upon him by way of protest against such a statement by the county attorney, when the presiding judge told said counsel not to interrupt the county attorney, and allowed the county attorney to proceed, whereupon the county attorney repeated the statement."

An exception was taken to the judge allowing the county attorney to make the above statement and to repeat it after objection made by the counsel for the defense.

Courts have of late been more particular than formerly in their efforts to require counsel, especially counsel who have the closing argument, to conduct the trial of causes within the rules. And in several recent instances, new trials have been granted by this court where counsel have in their arguments indulged in immaterial but prejudicial statements of law or fact in spite of the disapproval of the presiding judge.

We think the judge should have yielded to the objection of repondents' counsel, and corrected any false impression which the jury might have obtained from the objectionable statements. All the parties implicated, both respondents and complainant, may have been guilty of the offenses charged against them, or some or all may have been innocent. And still there was danger that the jury, or some of them, might feel inclined to exonerate the complainant of the aggravated offense charged against him by their consenting to a conviction of the respondents for the minor offense charged against them. But inasmuch as the judge in his charge stated the consequences of a verdict either way with great clearness, we apprehend that the prejudicial influence

so strongly deprecated by the counsel for the respondents was. prevented in the end. The judge said :

"Now, this being clearly and purely a question of fact, it is, of course for you, on your responsibilities as jurors, to determine where lies the truth. It has been put in evidence here by the defendants that Mr. Pollard, this complainant, is under indictment for shooting one of these parties indicted here for this assault. The purpose and the only purpose for which that indictment was allowed to be read to you was to show the circumstances under which Pollard testified before you ; because it is proper that the jury should know whether or not there are any influences which might or might not bias him in the giving of his testimony, and therefore I permitted the fact of his being under indictment to go before you. You are not trying Pollard, upon that indictment, and you are not by your verdict here to determine his guilt or innocence in the use of his pistol under the circumstances detailed here, and it is not for me to instruct. you in this case with regard to the responsibility which he assumed when he undertook to fire his pistol upon that occasion.. The question alone which you are to determine here, is, whether or not he himself was assaulted, whether an assault and battery was committed upon him on that occasion."

*Exceptions overruled.*

WALTON, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.